UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET AL.,

              Plaintiffs,                 No. 12-10960

v.                                District Judge Arthur J. Tarnow
                                Magistrate Judge R. Steven Whalen

DYNCORP INTERNATIONAL, INC.,
ET AL.,

              Defendants.

_____ /

## OPINION AND ORDER

Before the Court are Defendants' Objections to Plaintiff's Redactions and Privilege Log Regarding the Records of Jeffrie Cape [Doc. #98]. For the reasons discussed below, the Defendants' objections are SUSTAINED. Plaintiff Elizabeth Ashley Pope and/or Mr. Cape shall produce to Defendants' attorneys a complete and unredacted copy of the treating records of Elizabeth Ashley Pope, subject to the protections set forth in this Opinion and Order.

## I.   BACKGROUND

On March 5, 2012, Plaintiffs filed an amended complaint [Doc. #3], based on diversity jurisdiction, raising state law claims of intentional infliction of emotional injury and conspiracy to intentionally inflict emotional injury. In short, Plaintiffs allege that Defendants Dyncorp International, Inc. and Dyncorp International, LLC (collectively "Dyncorp"), which employed the decedent, Justin Pope, lied about Justin's death in Iraq, and did so in concert with other Defendant employees of Dyncorp. Plaintiffs state that while in truth, Justin was shot by Defendant Kyle Palmer, the Defendants concealed this

-1-

fact from Justin's family, falsely telling them that Justin shot himself, and intentionally misrepresenting the facts of the killing.

Plaintiff Elizabeth Ashley Pope ("Ashley") was Justin's wife and the mother of his minor child. Defendants sought discovery of Ashley's psychological counselling records with her therapist, Jeffrie K. Cape, LMSW, ACSW, CAAC. Ashley signed a release for those records, and Defendants served a document subpoena on Mr. Cape, who filed an objection. Defendants then filed a motion for order to show cause why Mr. Cape should not be held in contempt of court, and in the alternative to compel production of Ashley's records [Doc. #76]. Ashley then filed a motion to quash the Cape subpoena as to portions of the records, and for a protective order [Doc. #77]. The records were produced, but with certain portions redacted. Following a hearing on these motions, the Court entered a stipulated order [Doc. #97] which directed Ashley to provide a privilege log to Defendants regarding the redactions. The order also provided that within seven days of receiving the privilege log, Defendants could file objections, and if they did so, the Court would review a complete copy of Mr. Cape's records as to Ashley *in camera*.

The Defendants did file objections to the redactions [Doc. #98], and the Court has completed its *in camera* review. Ashley's privilege log indicates her objection to producing the redacted portions of her records on the basis of relevance, attorney-client privilege, or both. She has not asserted psychotherapist or social worker privilege.

## II.   DISCUSSION

### A.   Relevance

Fed.R.Civ.P. 26(b), which controls the scope of discovery, provides as follows:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1).

By its terms, Rule 26(b) permits discovery of relevant evidence regardless of whether or not the evidence is admissible at trial. Thus, the scope of Rule 26 is broader than that of the Federal Rules of Evidence. *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)(the "scope of examination permitted under Rule 26(b) is broader than that permitted at trial"); *see also Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994)("A court is not permitted to preclude the discovery of arguably relevant information solely because, if the information were introduced at trial, it would be 'speculative' at best.").

Under certain circumstances, when a plaintiff places his or her emotional or mental state at issue, the psychological or psychiatric treating records of that person are relevant. The majority view holds that "where a plaintiff 'merely alleges "garden-variety" emotional distress and neither alleges *a separate tort for the distress*, any specific psychiatric injury or disorder, *or unusually severe distress*, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege.'" *Burke v. Lawrence*, 2013 WL 2422883, *2 (W.D.Mich. 2013)(quoting *Koch v. Cox,* 489 F.3d 384, 390 (D.C.Cir.2007)). However, where, as in this case, emotional distress is an element of a claim, a plaintiff's emotional state is clearly at issue, and the mental health treatment records are discoverable. "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)(citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000)). *See also Rankin v. Liberty Mut. Ins. Co.*, 1995 WL 131390, *2, fn. 3 (1st Cir. 1995)("In this case, however, plaintiff alleged both a separate tort claim for emotional distress, and a continuing

psychiatric disability, so there is no question that she had placed her mental condition in controversy.").[1]

Ashley does not contend that her therapist's records are *per se* non-discoverable, but rather that the redacted portions are irrelevant. Again, the concept of relevance in the context of discovery is broad, and as long as what is sought is reasonably calculated to lead to the discovery of relevant evidence, it must be produced. In *Melchior v. Hilite Intern., Inc.* 2013 WL 2238754, *3 (E.D.Mich. 2013)(Cohn, J.), the Court disallowed redaction, on relevance grounds, of documents that were otherwise discoverable:

> "[A party] cannot unilaterally redact portions of documents based on relevancy grounds. As another court has stated in an analogous situation, '[r]edaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request.' *Bartholomew v. Avalon Capital Grp., Inc.,* 278 F.R.D. 441, 451 (D.Minn.2011). As the *Bartholomew* court explained, 'It is a rare document that contains only relevant information. *And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.*'" (Emphasis added).

Context would appear to be of particular importance in the case of psychological treatment records. From the Defendants' perspective, such records will almost certainly require review by their own expert, and this Court, lacking training in clinical psychology, is ill-equipped to pick and choose which of Ashley's statements to her therapist are or are not likely to lead to the discovery of evidence that is relevant to her claim for emotional damages.

I recognize that the redacted portions of the Cape records contain sensitive

---

[1] The Court in *Oberweis Dairy* concluded that although there is a federally-recognized psychotherapist-patient privilege, *see Jaffee v. Redmond,* 518 U.S. 1 (1996), placing one's emotional state at issue would constitute waiver. In this case, however, Ashley seeks to protect portions of her records on grounds of relevance and attorney-client privilege, and has not asserted the psychotherapist-patient or social worker privilege. Indeed, apart from her claim of emotional distress, she waived that privilege by signing a release for the records and producing them in redacted form.

information that, while discoverable, need not and ought not be made public.  Under Fed.R.Civ.P. 26( c ), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The Court is given broad discretion in fashioning a protective order. For example, in *Oberweis Dairy*, the Court, recognizing that production of psychological treatment records impinges on a plaintiff's privacy concerns, noted that "t]he judge can seal the plaintiff's psychiatric records and limit their use in the trial (which is public) to the extent that the plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Id*. 456 F.3d at 719.

My *in camera* review of the records convinces me that there is good cause for a protective order. Therefore, Mr. Cape's records concerning her treatment will be produced under the following conditions:

1.  The records will not be used outside the context of this litigation, and will not be disclosed to any person or entity not involved with the prosecution or defense of this lawsuit.

2.  Until further order of this Court, if the records or any portion thereof are referred to in a motion or other pleading, or used as an exhibit in a motion or other pleading, such motion or pleading will be filed under seal. If the records are referred to in a deposition, the deposition transcript will be filed under seal.

3.  Until further order of this Court, the portions of the records that have been redacted will be subject to an attorneys' and experts' eyes only protective order, meaning they will be disclosed only to attorneys directly involved in the prosecution or defense of this lawsuit, and to experts retained by the parties. They will not be disclosed to any party other than Elizabeth Ashley Pope.

4.  At the conclusion of this litigation, the records and any copies of the records will be returned to the attorneys for Elizabeth Ashley Pope.

### B.   Attorney-Client Privilege

The privilege log claims attorney-client privilege as to almost all of the redacted portions of the Cape notes.  Some of the entries refer directly to statements made by or about Ashley's attorney or this lawsuit. The salient question is whether the privilege has been waived by disclosure to a third party.[2]

In general, the attorney-client privilege is narrowly construed, because it "reduces the amount of information discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996).  Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999).  As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. *In re Grand Jury Proceedings, supra*, at 254. The burden of showing that the privilege has not been waived also falls upon the person claiming the privilege. *United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir.1997).

In *In re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293

---

[2] One short section of Mr. Cape's notes (pg. Cape_22) reflects a conversation between Ashley's attorney himself and Mr. Cape. This would not fall within the attorney-client privilege, since it does not involve communications between attorney and client. Moreover, Ashley would find no solace in the work-product doctrine, because "the work product doctrine does not shield from discovery documents created by third parties." *Evergreen Trading, LLC ex rel. Nussdorf*, 80 Fed.Cl. 122, 139 (Fed. Cl. 2007); *see also Matter of Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir. 1992)("The attorney-work-product doctrine generally does not shield from discovery documents that were not prepared by the attorneys themselves, or their agents, in the course of or in anticipation of litigation.")(Citing *United States v. Nobles*, 422 U.S. 225, 238-39 & n. 13). In any event, Ashley has not sought protection under the work-product doctrine.

F.3d 289, 302 (6th Cir. 2002), the Sixth Circuit rejected the concept of "selective waiver,"
holding that when a party releases otherwise privileged information to a non-party, that
party cannot then claim attorney-client privilege as to other parties. The Court found that
the defendant's release of privileged information to the Department of Justice in a
separate investigation effected a waiver of the privilege as to the plaintiffs in a subsequent
civil case, notwithstanding a confidentiality agreement between the defendant and the
Department of Justice providing that the disclosure would *not* be considered a waiver.
The Court stated:

> "[A]ny form of selective waiver, even that which stems from a
> confidentiality agreement, transforms the attorney-client privilege into
> 'merely another brush on an attorney's palette, utilized and manipulated to
> gain tactical or strategic advantage.'" *Id.* at 302-303 (*Citing In re Steinhardt
> Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993)).

Under *HCA Healthcare*, Ashley's disclosure of information to her therapist about
her attorney and about her case constitutes a waiver of the attorney-client privilege. In
addition, in *Maday v. Public Libraries of Saginaw*, 480 F.3d 815 (6th Cir. 2007), the Sixth
Circuit addressed the issue of disclosure of otherwise privileged information to
psychotherapists. In *Maday*, the plaintiff objected to the admission at trial of statements
she made to her social worker therapist. Because the plaintiff was seeking emotional
distress damages, the Court first found that she had waived the social worker-client
privilege, adding that "there exists no 'heightened' privilege for statements made by a
client to a social worker abut that client's attorney." *Id*. at 821. The Court also found that
the plaintiff waived the attorney-client privilege:

> "Once the social-worker records may be admitted, then a question remains
> as to whether any of the information contained therein should be shielded
> by the attorney-client privilege.  Yet here, Maday was relating the substance
> of her conversation with a prior attorney to the social worker.  This is a
> clear example of voluntary disclosure of privileged information to a third
> party and, as such, any attorney-client privilege Maday may have enjoyed as

to this conversation was waived.  *See, e.g., United States v. Collis*, 128 F.3d 313, 320 (6th cir. 1997)('A client can waive the privilege by voluntarily disclosing his attorney's advice to a third party.')." *Id*.

Therefore, Defendants' objection to the redaction of Mr. Cape's records based on attorney-client privilege is sustained. Ashley's treatment records will be produced in their entirety, without redactions, but subject to the protections discussed in the preceding section.

### III.    CONCLUSION

Defendants' Objections to Plaintiff's Redactions and Privilege Log Regarding the Records of Jeffrie Cape [Doc. #98] are SUSTAINED. Plaintiff shall produce Mr. Cape's records concerning Elizabeth Ashley Pope in their entirety, without redactions. The production will be governed by the restrictions and protections set forth in this Opinion and Order.

IT IS SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2014


### CERTIFICATE OF SERVICE
I hereby certify that a copy of the foregoing document was sent to parties of record on December 12, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager