UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET AL.,

                Plaintiffs,                     No. 12-10960

v.                                        District Judge Arthur J. Tarnow
                                        Magistrate Judge R. Steven Whalen

DYNCORP INTERNATIONAL, INC.,
ET AL.,

                Defendants.
_____ /

**ORDER**

On July 13, 2015, Plaintiffs filed a "Supplemental Brief Regarding Plaintiffs' Motion for Leave to Amend and Defendants' Motion to Dismiss Based on Subject Matter Jurisdiction" [Doc. #171]. Before the Court is Defendants' Motion to Strike the Supplemental Brief [Doc. #172]. For the reasons discussed below, this motion will be DENIED.

The Plaintiffs' Supplemental Brief addresses issues bearing on whether the complaint should be dismissed for lack of complete diversity, whether Ray Whiting was or was not a non-diverse Defendant when the complaint was filed, and whether Whiting's dismissal should be with or without prejudice. These issues are central to the Plaintiffs' motion to amend and the Defendants' motion to dismiss, which have been briefed and argued. Defendants' arguments in support of striking the Supplemental Brief are procedural. They argue that Plaintiffs did not first seek leave of the Court to file a supplemental brief, and that in any event the Plaintiffs' Supplemental Brief is untimely.

Since the complaint was filed in March of 2012, the parties have expended

-1-

considerable resources in discovery and motion practice. There have been two failed attempts at facilitated settlement. The Defendants' Motion to Dismiss and the Plaintiffs' Motion to Amend, both potentially dispositive of the case, are still pending. Without understating the importance of compliance with the Federal Rules of Civil Procedure and this Court's Local Rules, all procedural rules should be applied in the context of Fed.R.Civ.P. 1, which instructs that they "[s]hould be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

While these proceedings have hardly been speedy and inexpensive, the Court will be assisted in arriving at a *just* determination of the pending motions by permitting additional briefing. I note that the Plaintiffs' Supplemental Brief is based on the June 3, 2015 deposition of Ray Whiting, which occurred after the motions were briefed and argued.[1] I also note that the Defendants' Motion to Strike, while premised mainly on procedural arguments, at least superficially discusses the Plaintiffs' substantive factual and legal arguments. Again, the two dispositive motions have not yet been ruled upon. In fairness to all parties, and in the interest of having a complete presentation that addresses all pertinent facts and issues, I will permit the Plaintiffs to file their Supplemental Brief, but I will also permit the Defendants to file a response, of commensurate length.[2]

Accordingly, Defendants' Motion to Strike [Doc. #172] is DENIED.

Defendants will file a response to Plaintiffs' Supplemental Brief within 14 days of the date of this Order. Their response may be of a length commensurate with Plaintiffs' brief.

---

[1] Whiting's deposition transcript is appended to Plaintiffs' Supplemental Brief as Exhibit 3.

[2] In their motion, Defendants requested as alternative relief that they be permitted to file a response.

No further briefing on Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend will be permitted other than by leave of the Court and based on exceptional circumstances.

IT IS SO ORDERED.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 29, 2015

Certificate of Service

I certify that a copy of this order was served upon parties of record on July 29, 2015, via electronic or postal mail.

/s/A. Chubb
CASE MANAGER