UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET AL.,

          Plaintiffs,                        Case No. 12-10960

v.                                   District Judge Arthur J. Tarnow
                                   Magistrate Judge R. Steven Whalen

DYNCORP INTERNATIONAL, INC.,
ET AL.,

          Defendants.
_____ /

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Order Compelling Discovery, in the Continuation of the Deposition of Witness Steve Ziarno, and for Order Imposing Sanctions [Doc. #109]. The Court has had the benefit of extensive briefing and argument by the parties, and has conducted an *in camera* review of documents that Defendants have withheld on the basis of attorney-client and/or work product privilege. The Court being fully informed, the Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**, as follows.

The issues in this motion revolve around the deposition of Steve Ziarno, who conducted an investigation into the events involving the death of Justin Pope. The outstanding issues are set forth in the Joint Statement of Unresolved Issues [Doc. #138].

-1-

## 1.   Privilege Claims (Items 1 and 2)

The first and second items in the Joint Statement involves the Plaintiffs' request for "all documents requested in the Ziarno deposition notices." I find that Defendants' privilege log and supplemental privilege logs are timely, and I will therefore consider the claims of attorney-client and work product privilege on their merits. Defendants have submitted the documents to the Court for *in camera* review.

In *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1999), *cert. denied*, 525 U.S. 820 (1998), the court described the attorney-client privilege as follows:  "(1) where legal advice of any kind is sought (2) from a professional legal adviser *in his capacity as such*, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." (Emphasis added).  The attorney-client privilege is narrowly construed, because it "reduces the amount of information discoverable during the course of a lawsuit."  *United States v.  Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996).  "The burden of establishing the existence of the privilege rests with the person asserting it."  *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999).  In addition, "factual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege." *Morisky v. Public Service Elec. and Gas Co.*, 191 F.R.D. 419, 424 (D.N.J. 2000)(citing *Penk v. Oregon State Board of Higher Education*, 99 F.R.D. 511, 516 (D.Ore.1983)). *See also Wrench LLC v. Taco Bell Corp.,* 212 F.R.D. 514, 517 (W.D.Mich.2002) (citing *Fruehauf Trailer,* 208 Mich.App. at 451–52, 528

N.W.2d at 781).

The attorney work product doctrine applies to material that is prepared in anticipation of litigation. "[There are] two categories of work product: fact work product, which is discoverable upon a showing of substantial need and undue hardship, and opinion work product, which is virtually undiscoverable." *U.S. Fire Ins. Co. v. City of Warren*, 2012 WL 2190747, *3 (E.D.Mich. 2012) (citing *Director, Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.C.Cir.1997), and *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D.Ill.2002)).

The majority of the documents on the privilege logs are communications directed to Dyncorp's counsel, and are privileged. The following documents, however, constitute factual (and hence discoverable) material, and/or material that was not communicated to counsel. These documents, identified by Bates numbers, must be produced:

Privilege Log, Second Amended Volume I: 2/21/15

8647-8648
8660-8662
8668-8674
8683-8684
8697

Privilege Log, Amended Volume II: 2/21/15

9966-9972, *except for* redactions on p. 7 and p. 8.[1]

---

[1] This document was produced with portions redacted in Bates Nos. 8559-8566.

-3-

10221-10223[2]

### 2. Ziarno's Investigative File and Report (Items 3 and 4)

There seems to be some confusion as to whether Mr. Ziarno's "investigative file" exists as a discrete, unified document (Item 3), and Defendants assert that there is no "full investigative report" (Item 3). As to the latter, Defendants "a correspondence with 'findings' prepared by Steven Ziarno voluntarily prior to the January 7, 2015 facilitation...."

If these documents exist, they will be produced. If they do not exist as unitary documents, but if there are heretofore unproduced and non-privileged documents prepared by Mr. Ziarno related to his investigation, those documents will be produced. If there are no non-privileged and responsive documents that have not already been produced, Defendants' counsel will so notify Plaintiffs' counsel.

### 3. Re-deposition of Witnesses (Item 5)

Plaintiffs seek to re-depose Patrick Dobson, Michael Kehoe, Michael Boffo, Ashauna Millard, Michael Warren, and Austin Stoffel, citing "Defendants' delinquent and dilatory production of documents." While I have ordered the production of a number of documents to which Defendants' claimed privilege, those documents are not of a character that would justify the time and expense of re-deposing witnesses. The Plaintiffs' request is denied.

---

[2] Attachment A to these pages is a list of documents to be provided to the State Department. Privilege is waived as to any such documents that Defendants produced to the State Department pursuant to subpoena, and those documents must also be produced. *See In re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d 289, 302 (6th Cir. 2002).

Likewise there is no basis to order the re-deposition of Steven Ziarno.

## Prospective Conduct (Item 6)

Plaintiffs ask that the Court order Defendants (or Defendants' counsel) to "[p]roceed in all future depositions in accordance with the Federal Rules of Civil Procedure." Seriously? Everyone is required to follow the Rules, which speak for themselves, and there is no need for a prospective order from this Court.

## Sanctions (Items 7, 8, 9, and 10)

The requests for sanctions are denied.

## CONCLUSION

For these reasons and under these terms, Plaintiffs' motion [Doc. #109] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 11, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2015, by electronic means and/or ordinary mail.

s/H. Monda in the absence of C. Ciesla
Case Manager