UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET AL.,

        Plaintiff,

v.

DYNCORP INTERNATIONAL, INC., ET AL.,

        Defendant.

                                            /

Case No. 12-10960

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [199]; VACATING ORDER DENYING DEFENDANTS' MOTION TO DISMISS [191]**

On February 16, 2015, Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction [130]. On August 28, 2015, the Court issued and order denying Defendants' Motion to Dismiss [191]. Defendants responded to this order on September 11, 2015 when they filed a Motion for Reconsideration of their Motion to Dismiss, which is before the Court today [199].

For the reasons stated below, Defendants' Motion for Reconsideration of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [199] is **GRANTED**. The Court's Order Denying Defendants' Motion to Dismiss [191] is **VACATED**. The Court will resolve the remaining argument for dismissal for a lack of subject matter jurisdiction after an opportunity for a hearing.

1

## FACTUAL AND PROCEDURAL HISTORY

On February 16, 2015, Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction [130]. Defendants put forth two separate arguments in their motion to dismiss for lack of subject matter jurisdiction: (1) Defendant Raymond Whiting was domiciled in the State of Michigan when the Complaint was filed, destroying diversity given that the Plaintiffs were domiciled in the State of Michigan as well when the Complaint was filed; and (2) complete diversity is lacking because of the inclusion of 12 "John Doe" and "Richard Roe" Defendants. Plaintiffs' response [149] to Defendants' Motion to Dismiss, Defendants reply to this response [152], Plaintiffs' Supplemental brief on the motion [171], and Defendants' response to Plaintiffs' supplemental brief [183] all addressed both arguments raised by Defendants in their Motion to Dismiss.

Defendants' first issue supporting their claimed lack of complete diversity was resolved by the Magistrate Judge on August 19, 2015 in an Opinion and Order [186] that granted Plaintiffs' Motion to Amend their Complaint, which resulted in the dropping of Defendant Ray Whiting as a party. Following this Order, the Court denied Defendants' Motion to Dismiss in an Order filed on August 28, 2015. The reasoning for denying Defendants' Motion was that the Motion to Dismiss was "premised entirely on the inclusion of Ray Whiting as a named Defendant who destroyed

complete diversity," and the Magistrate Judge's Order that dismissed Whiting as a party preserved diversity.

## STANDARD

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

Defendants' Motion for Reconsideration is proper given that it addresses an issue that was not ruled on in the Court's Order denying Defendants' Motion to Dismiss either expressly or implicitly. The Order denying Defendants' Motion to Dismiss, on its face, is based solely on the argument regarding the inclusion of Ray Whiting as a party defeating diversity, but does not rule on the other issue raised in Defendants' Motion to Dismiss, the inclusion of twelve "Doe" and "Roe" Defendants. Given that the Court expressly did not rule on the inclusion of the "Doe" and "Roe" defendants, Defendants' Motion for Reconsideration deals with an issue that the Court has not ruled on.

By stating in the Order that Defendants' Motion to Dismiss is based "entirely on the inclusion of Ray Whiting as a named Defendant who destroyed complete diversity," the Court's order resulted in a palpable defect, that is "a defect which is obvious, clear, unmistakable, manifest or plain" given that Defendants' Motion to Dismiss facially was not based entirely on the inclusion of Ray Whiting. *Fleck*, 177 F. Supp. 2d at 624. This defect could result in a different outcome in the case given that the Defendants put forth an argument in their Motion to Dismiss that the inclusion of the "Doe" and "Roe" Defendants defeats diversity and should result in dismissal of the case.

4

Given that the palpable defect has a possible impact of resulting in a different disposition of the case, this new issue qualifies as a valid motion for reconsideration that the Court will grant. Therefore, the Motion for Reconsideration [199] is granted and the Order Denying Defendants' Motion to Dismiss [191] is vacated. The Court will schedule a hearing to resolve the remaining issue yet to be ruled on in Defendants' Motion to Dismiss that deals with the inclusion of "Doe" and "Roe" defendants and its impact on the subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [199] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order Denying Defendants' Motion to Dismiss [191] is **VACATED**. The Court will resolve the remaining argument for dismissal for lack of subject matter jurisdiction after an opportunity for a hearing.

**SO ORDERED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 9, 2015     Senior United States District Judge

5