UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET AL.,

    Plaintiff,

v.

DYNCORP INTERNATIONAL INC., ET AL.,

    Defendant.

_____/

Case No. 12-10960

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO MAGISTRATE'S WHALEN'S ORDER [194]; VACATING IN PART OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND [186]; DENYING IN PART PLAINTIFFS' MOTION TO AMEND [117]**

    Defendants filed Objections [194] to Magistrate Judge Whalen's Order [186] granting Plaintiffs' Motion to Amend the Complaint [117] on August 31, 2015. Plaintiffs responded [201] to these objections on September 16, 2015. Defendants filed a reply [209] on September 23, 2015. For the reasons stated below, these objections [194] are sustained, the Opinion and Order Granting the Motion to Amend [186] is vacated in part and Plaintiffs' Motion to Amend [117] is denied in part.

1

**STATEMENT OF FACTS**

On August 19, 2015, the Magistrate Judge entered an Opinion and Order [186] Granting Plaintiff's Motion to Amend the Complaint [117]. The amendment at issue in the objections before the Court concerns the addition of punitive damages for the conspiracy to commit intentional infliction of emotional distress (IIED) claim. The Order granted Plaintiff the right to amend the complaint to include punitive damages under Virginia law for the conspiracy to commit IIED claim because, under Michigan's choice of law analysis as detailed in *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286, 562 N.W.2d 466, 471 (1997): (1) Virginia law was the appropriate choice for the punitive damages issue since Virginia had an interest in having its law apply since Defendant Dyncorp is incorporated in Virginia and the overt acts of the conspiracy are alleged to have occurred at the headquarters of Dyncorp in Virginia; and (2) Michigan's interests did not mandate that Michigan law apply because Dyncorp "does not conduct substantial business within the borders of Michigan, does not produce revenue within Michigan, and does not significantly enable Michigan citizens to earn their livelihood," so Michigan has "no interest in protecting Dyncorp's financial integrity." [186].

## STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a nondispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Defendant objects that Plaintiffs' Motion to Amend its Complaint to allege punitive damages under Virginia law for the conspiracy to commit IIED because: (1) neither Michigan nor Virginia allows punitive damages for a claim of Conspiracy to Commit IIED; (2) "Virginia has no interest in applying its punitive law because the place of the alleged wrong is Michigan, not Virginia;" and (3) "had this case been filed in Virginia, Virginia would not apply its punitive damage law to Plaintiffs' claim for Conspiracy to Commit IIED because the claim cannot

3

survive as a matter of Virginia law." These objections support the conclusion that Plaintiffs' Motion to Amend is "futile" and thus the Court should not allow the amendment of the complaint to include punitive damages under Virginia State law. *Foman v.* Davis, 371 U.S. 178, 182 (1962). The Court agrees with Defendants and sustains the objections.

The objections, and Plaintiffs' response, hinge upon application of the *Sutherland* analysis that guides choice of law issues in the Sixth Circuit. *Supra*. This case held that, when deciding choice of law issues, Courts in the Sixth Circuit must:

> …apply Michigan law unless a "rational reason" to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Supra* at 286. The Court concurs with Defendants that there is no rational reason to apply Virginia law and allow punitive damages on the Conspiracy to Commit IIED claim. Michigan law on punitive damages cannot be displaced because Virginia has no interest in having its state law apply.

When assessing whether a foreign state has an interest in having its law displace the law of the forum, Courts look to, *inter alia*, the following listing of factors:

> (1) whether the injury occurred in the state whose law a party seeks to apply; (2) the extent to which the relevant commercial activity took place in the state whose law a party seeks to apply; (3) whether a party seeks to defeat the application of the law of its home state; (4) the forum state's interest in applying its own law; (5) whether the law of the foreign state would entitle the party to greater relief than the law of the party's home state; and (6) whether courts in the foreign state whose law the party seeks to apply would apply Michigan law, Sutherland, 562 N.W.2d at 473.

*Thompson I.G., LLC v. Edgetech I.G. Inc.*, 590 F. App'x 532, 539-40 (6th Cir. 2014) (citations omitted).

This case is analogous to *Sutherland*, and falls under its sixth factor. In *Sutherland*, the province of Ontario was found to not have an interest in having its statute of limitations apply because, if the case had been filed in Ontario, its choice of law rules dictated that Michigan's statute of limitations would apply. *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. at 288-90. In reaching this conclusion, the Court looked to what would have occurred if the case had been filed in Ontario. It concluded that, in that situation, Michigan's substantive law of the appropriate statute of limitations would apply under Ontario's *lex loci delicti* choice of law rule since the accident before the Court had occurred in Michigan. *Id*. Therefore,

5

Ontario had no interest more compelling than Michigan for its statute of limitations to apply, and in fact, had an interest in having Michigan's statute of limitations apply.

In this case, Virginia, like Ontario at the time of the *Sutherland* case, utilizes the *lex loci delicti* rule for deciding choice of law issues surrounding substantive issues of law. *See e.g. Milton v. IIT Research Inst.*, 138 F3d 519, 521 (4th Cir. Va. 1998). The issue of punitive damages is considered to be a substantive issue of law, and thus the Court looks to Virginia's choice of law under the *lex loci delicti* rule to determine it's interest in application of its state punitive damages law. *See e.g. Browning-Perris Industries v. Kilko Disposal*, 492 US 257, 278 (1989) (award of punitive damages is a question of state law); *King v. McMillan*, 594 F.3d 301, 313 (4th Cir. 2010) (punitive damages are a matter of state substantive law).

The Magistrate Judge's Order concludes that for the conspiracy claim, the *lex loci delicto* rule dictates that Virginia's punitive damages law applies because Dyncorp is incorporated in Virginia and the conspiracy itself occurred within Virginia, thus providing a strong interest in application of its punitive damages law. Under application of Virginia state law, this is clearly erroneous. When interpreting where the *lex loci delicti*, or the place of the wrong, is located, "[u]nder Virginia law, the 'place of the wrong' is the place 'the last event

necessary to make an [actor] liable for an alleged tort takes place" *Ford Motor Co. v. Nat'l Indem. Co.*, 972 F. Supp. 2d 850, 856 (E.D. Va. 2013) (quoting *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir.1986)). Civil conspiracy claims accrue when the plaintiff "first suffered any damages resulting from the acts committed in furtherance of the conspiracy," not where the conspiracy itself occurred. *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 543 (4th Cir. 1997).

In this case, it is undisputed that, while the alleged conspiracy was orchestrated in Virginia at Dyncorp headquarters, the damage resulting from those acts first occurred in Michigan, when Plaintiffs were falsely informed about the facts and circumstances surrounding Justin Pope's death when Defendants Palmer, Flemming and Hillestad visited Plaintiffs in Commerce Town, Michigan. Before Plaintiffs allegedly were falsely informed about the death of Justin Pope, they had not yet suffered any actionable injury, and the conspiracy to commit IIED claim had not yet occurred. Because the conspiracy claim accrued in Michigan, under Virginia's *lex loci delicto* choice of law rule, Michigan punitive damages law would apply. Since Michigan law does not permit punitive damages for a claim of conspiracy to commit IIED, such damages are not available and Defendants' objections must be sustained. *See McAuley v. Gen. Motors Corp.*, 578 N.W. 2d 282, 285 (Mich. 1998).

Additionally, Virginia does not have an interest in application of its punitive damages law because it does not recognize a claim of conspiracy to commit IIED. *Almy v. Grisham*, 273 Va. 68, 81 (2007). There is no interest in holding a resident corporation liable for punitive damages when the state itself does not recognize that claim. Therefore, Michigan's interest should be applied because there is not a "rationale reason" to apply Virginia law when, if the same case was brought before a Court in Virginia, the law of Michigan would apply.

Further, the Court would like to address the assertion made in Plaintiff's Response [201] in footnote 4. In that footnote, Plaintiffs contend that the "Magistrate Judge granted Plaintiffs leave to file an Amended Complaint requesting punitive damages as to both counts- IIED *and* Conspiracy to Commit IIED." This statement is incorrect. The Magistrate Judge expressly concludes that there is a "rational reason" to apply Virginia's law on punitive damages to "*Plaintiffs' conspiracy claim*." [emphasis added]. With respect to the IIED claim, the Magistrate Judge concludes that "[s]pecific acts that are alleged to have constituted intentional infliction of emotional distress in this case occurred in Michigan, so as to the substantive intentional infliction claim, Defendants have a point." In this sentence, the Magistrate Judge addresses the *lex loci* issue and Virginia's interest under *Sutherland*, concluding that it has no interest in permitting

8

punitive damages on a claim of IIED where the events that gave rise to that claim occurred in Michigan. The Order proceeds to analyze the choice of law issue for the conspiracy to commit IIED claim under the second prong of *Sutherland*, concluding that the interest analysis of the *Sutherland* test is satisfied for the conspiracy claim only. This further illustrates that the Magistrate Judge's Order denied Plaintiff's request to amend complaint to include punitive damages for the IIED claim.

In summary, the Court sustains Defendants' objections and, accordingly, Plaintiffs' Motion to Amend its complaint to request punitive damages on the conspiracy claim pursuant to Virginia law is denied. Michigan law controls, and under that law, there are no punitive damages available for such a claim. Furthermore, the Magistrate's Order denied Plaintiffs' Motion to amend the complaint to demand punitive damages on the IIED claim because, in fact, the Order concluded that Michigan law applied as to that claim. Therefore, Plaintiffs' Motion to Amend is denied in part, since the request to demand punitive damages against Defendants pursuant to Virginia law is futile. Accordingly,

**IT IS ORDERED** that Defendants' Objections [194] are **SUSTAINED.**

**IT IS FURTHER ORDERED** that the portion of the Opinion and Order Granting Plaintiff's Motion to Amend/Correct [186] is **VACATED in part.** The

granting of Plaintiffs' Motion to Amend with respect to the demand of punitive damages pursuant to Virginia State law to the conspiracy claim is vacated.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend the Complaint [117] is **DENIED in part.** Plaintiffs' demand of punitive damages pursuant to Virginia State law is denied.

Dated: February 17, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge