UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER ET AL,

    Plaintiffs,

v.

DYNCORP INTERNATIONAL, INC. ET AL.,

    Defendants.

_____/

Case No. 12-10960

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION COMPELLING DISCOVERY IN THE CONTINUATION OF THE DEPOSITION OF WITNESS STEVE ZIARNO [189]**

On August 11, 2015, Magistrate Judge Whalen entered an Order [181] granting in part and denying in part Plaintiffs' Motion to Compel [109]. On August 25, 2015, Plaintiffs filed Objections [189] to the Magistrate Judge's Opinion and Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel. Defendants filed a response on September 17, 2015 [204] and Plaintiff replied on September 24, 2015 [210]. For the reasons stated below, these objections are **OVERRULED**.

1

## STATEMENT OF FACTS

On August 11, 2015, Magistrate Judge R. Steven Whalen entered an Opinion and Order granting in part and denying in part Plaintiffs' Motion to Compel Discovery so as to Complete the Deposition of Steve Ziarno, to Fully and Adequately Respond to Requests for Production, and for order imposing sanctions [181]. The Order found: that the majority of the documents on the privilege logs consisted of communications to DynCorp's counsel and were thus privileged; that Defendants' counsel has to produce Mr. Ziarno's investigative findings if they are unproduced and non-privileged documents, or, in the alternative, inform Plaintiffs' attorneys if there are no non-privileged and responsive documents that have not already been produced; denied the awarding of sanctions to Plaintiffs; and denied Plaintiffs the right to re-depose various witnesses, including Mr. Ziarno.

## STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a nondispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate

judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Plaintiff objects to the substantive bases for the Magistrate Judge's Order denying Plaintiffs' request for sanctions, the timeliness of Defendants' privilege logs, the applicability of the attorney-client privilege and to the denial of the re-deposition of Mr. Ziarno. Per a notice filed by Plaintiffs on March 4, 2016 [244], the objection to the denying of the continuation of the deposition of witness Steve Ziarno has been withdrawn and this Order will only address the three remaining objections regarding the privilege findings and the denial of sanctions.

The Plaintiffs assert that the Magistrate Judge did not adequately conduct a proper in camera review of the documents submitted on Defendants' privilege log and request the Court review the log and the alleged privileged documents in order to reveal the fact that the Magistrate Judge's findings were clearly erroneous and contrary to law. To support this assertion, Plaintiffs state that the Magistrate Judge

3

failed to follow the law because he made a sweeping ruling based "solely on the fact that the communications were made to DynCorp's counsel."

The Court overrules this objection. Plaintiffs do not provide any support for this assertion and do not point to any example of documents that the Magistrate Judge so clearly applied the wrong standard to. Instead, Plaintiffs are asking this Court to in effect perform an entirely new privilege analysis, based on one sentence in an Opinion and Order. There is no evidence that the Magistrate Judge's determination was clearly erroneous and contrary to law. The Opinion and Order clearly lays out the legal standard governing privilege and then applies that standard:

> In Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1999), cert. denied, 525 U.S. 820 (1998), the court described the attorney-client privilege as follows: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." (Emphasis added). The attorney-client privilege is narrowly construed, because it "reduces the amount of information discoverable during the course of a lawsuit." United States v. Collis, 128 F.3d 313, 320 (6th Cir. 1997); In re Grand Jury Proceedings, 78 F.3d 251, 254 (6th Cir. 1996). "The burden of establishing the existence of the privilege rests with the person asserting it." United States v. Dakota, 188 F.3d 663, 667 (6th Cir. 1999). In addition, "factual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege." Morisky v. Public Service Elec. And Gas Co., 191 F.R.D. 419, 424 (D.N.J. 2000)(citing Penk v. Oregon State Board of Higher Education, 99

> F.R.D. 511, 516 (D.Ore.1983)). See also Wrench LLC v. Taco Bell Corp., 212 F.R.D. 514, 517 (W.D.Mich.2002) (citing Fruehauf Trailer, 208 Mich.App. at 451–52, 528 N.W.2d at 781).
>
> The attorney work product doctrine applies to material that is prepared in anticipation of litigation. "[There are] two categories of work product: fact work product, which is discoverable upon a showing of substantial need and undue hardship, and opinion work product, which is virtually undiscoverable." U.S. Fire Ins. Co. v. City of Warren, 2012 WL 2190747, *3 (E.D.Mich. 2012) (citing Director, Office of Thrift Supervision v. Vinson & Elkins, LLP, 124 F.3d 1304, 1307 (D.C.Cir.1997), and Eagle Compressors, Inc. v. HEC Liquidating Corp., 206 F.R.D. 474, 478 (N.D.Ill.2002)).

[204 at 3-4]. While it is true that the Opinion and Order does not go into detail concerning the reason behind finding privilege, there is no evidence that the decision is "clearly erroneous contrary to law" because the legal precedent applied is not contrary to law.

Without any support provided by the Plaintiffs as to why the Magistrate Judge's opinion concerning the timeliness of the privilege log and the findings regarding the privilege log, this Court refuses overrules this objection essentially based upon unsupported conjecture and does not find that the Magistrate's findings regarding privilege are clearly contrary to law. Additionally, after reviewing the parties' briefs on the Motion to Compel [181; 189; 204] there are no arguments to support a finding that the Magistrate's opinion and order are "clearly erroneous and contrary to law."

5

In regards to the objection concerning the denial of sanctions, there is no evidence presented that the Magistrate's denial of sanctions was clearly erroneous and contrary to law and Plaintiffs do not present any argument in their objection to advance this proposition.

The Plaintiffs have not met the high standard required to overrule a Magistrate Judge's Order and Opinion, therefore, Plaintiffs' Objections [189] are **OVERRULED.**

**IT IS ORDERED** that Plaintiffs' Objections to Magistrate Judge's Order and Opinion [189] are **OVERRULED.**

**SO ORDERED**.

Dated: March 16, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge