UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SALSER, ET. AL.,

        Plaintiff,

v.

DYNCORP INTL., INC. ET. AL.,

        Defendant.

_____/

Case No. 12-10960

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [249]**

On March 30, 2016, Plaintiffs filed a Motion for Reconsideration of the Court's Order partially granting Defendants' Motion for Summary Judgment [249]. For the reasons stated below, the Motion for Reconsideration is **GRANTED in part** and **DENIED in part.**

1. **STANDARD OF REVIEW**

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and

1

> the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).

"A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *McKelvey v. Geren*, No. 07-14538, 2013 WL 5576340, at *1 (E.D. Mich. Oct. 10, 2013); (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir.1998)). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

2. **ANALYSIS**

In their motion, Plaintiffs request the Court reconsider the ruling dismissing Plaintiffs' intentional infliction of emotional distress (IIED) claims against Defendant Dobson and Kehoe, as well as the ruling dismissing Defendant DynCorp Intl. Inc.

### a. IIED CLAIMS AGAINST DEFENDANTS DOBSON AND KEHOE

Plaintiffs claim that the Court committed plain error by dismissing the IIED claims against Defendants Dobson and Kehoe because there is evidence on the record (although not presented in the Motion for Summary Judgment) that Dobson was aware from Boffo himself that the wounds were not self-inflicted and that Kehoe himself knew from Dobson that the wounds were not self-inflicted, but rather had come from a second party before the Plaintiffs were told that the wounds were self-inflicted.

After reviewing the additional evidence attached by the Plaintiffs to this Motion, the Court agrees that an error was committed in dismissing the IIED claims against Defendants Dobson and Kehoe. The evidence shows that Defendant Boffo had told Defendant Dobson, prior to the traveling of Kehoe to speak with Plaintiffs' about the death of Justin Pope, that the investigators were speaking to "personnel who were either eyewitnesses or involved" in the death of Justin Pope.

3

Therefore, the Court's prior determination that neither Dobson nor Kehoe had any previous knowledge of the involvement of a second person in the shooting is inaccurate. Additionally, Plaintiffs clarify a portion of the deposition attached by Plaintiff to their Motion regarding Dobson's knowledge of the events before Keohoe's trip which show that he was aware that a second person was involved in the shooting and that the shooting was not self-inflicted. The Court acknowledges that there was an error of fact committed when it was determined that there was no evidence that Dobson was not aware that the wound was not self-inflicted. Since Dobson spoke with Boffo about the incident before Kehoe went to visit the family, a question of fact is created for the jury to consider at trial concerning the IIED claim against Dobson.

    Additionally, because the Court based its ruling on the IIED claim concerning Kehoe partially on the fact that Dobson, who communicated to him about the injury, had no knowledge that the wound may not be self-inflicted, there is now a question of fact about whether Dobson told Kehoe that the wounds were self-inflicted or caused by a second person given his knowledge at the time. Kehoe asserts that Dobson told him the wound was self-inflicted and Dobson states that he would have never told him that at that time, and it will be for the jury to decide who knew what concerning the death of Justin Pope when, and exactly what was

4

conveyed to the Plaintiffs. [231-45 at 122-125]. Therefore, the order granting Summary Judgment as to Defendants Dobson and Kehoe is vacated and they remain Defendants in this action.

### b. DISMISSAL OF DEFENDANT DYNCORP INTL. INC.

Plaintiffs argue that it was plain error to dismiss Defendant DynCorp Intl. Inc. on the ground that it has no employees. Plaintiffs contend that the Answer to the Corrected Complaint forecloses this argument. First, they indicate that throughout the answer, the singular term "Defendant Dyncorp" is used to refer to both companies, as stated in Paragraph 1 of the Defendants' Answer to the Corrected Complaint [9]. Additionally, Plaintiffs point to Paragraph 19 of the amended answer, that Defendants plead "no contest" to the following statement in Plaintiffs' Amended Complaint:

> Defendants DYNCORP INTERNATIONAL, INC. and/or DYNCORP INTERNATIONAL, LLC. (hereafter collectively referred to as "DYNCORP") are Virginia corporations which employ individuals, including at one time all of the individual Defendants herein, to, among other things, provide security services on contract with the United States government through the United States Department of State in foreign countries, including but not limited to Iraq.

[3 at ¶ 19]. Plaintiffs contend that once answers are made, "the subject matter of the admission should not be reopened" and the "stipulations and admissions in the pleadings are generally binding on the parties and the Court." *JPMorgan Chase*

5

*Bank, N.A. v. Chelsie Corp.*, No. 1:12-CV-352, 2013 WL 2558428, at *4 (W.D. Mich. June 11, 2013) (citations omitted).

However, the Court considers the statements in the answer to be far from an acknowledgement on the part of the Defendants that *both* DynCorp Intl. Inc. and DynCorp Intl. LLC are considered to have employees. In the first paragraph of the answer, the fact that Defendants choose to refer to both companies with the single term "Defendant Dyncorp" does not denote anything other than an abbreviation used for convenience. Also, per Plaintiffs own amended complaint, the Defendants are merely pleading no contest to the statement that "Defendants DYNCORP INTERNATIONAL, INC. and/or DYNCORP INTERNATIONAL, LLC." have employees and are Virginia corporations. By the plain language of the amended complaint, they are pleading no contest to either one or both companies having employees, it is not a definitive statement that DynCorp Intl. Inc. has employees.

Additionally, this argument rests on facts that have been known to Plaintiffs since the filing of the answer close to four years ago. Because "[a] motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not," the Court declines to accept this argument, even if it found it persuasive, because of the lack of argument by Plaintiffs concerning the dismissal of DynCorp Intl. Inc. in their

response to the Motion for Summary Judgment. *McKelvey v. Geren*, No. 07-14538, 2013 WL 5576340, at *1 (E.D. Mich. Oct. 10, 2013); (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir.1998)).

In their second argument urging the Court to reconsider its decision dismissing DynCorp Inl. Inc., Plaintiffs again rehash the argument made at the hearing on the Motion for Summary Judgment in which they argued that Defendant DynCorp Intl. Inc. is judicially estopped from denying it is an employer because of holdings in previous cases concerning the status of DynCorp Intl. Inc. and DynCorp Intl. LLC. *See Pope v. Palmer and DynCorp Int'l Inc., CA #10-CV-1328*; *Ross v. DynCorp.,* 362 F.Supp.2d 344 (D.D.C. 2005).

As the Court stated in the Order partially granting Defendants' Motion for Summary Judgment, Plaintiffs had notice from Defendants that they would seek the dismissal of Defendant DynCorp Intl. Inc. on this very theory on January 2, 2015. In an email sent to Plaintiffs, Defendants included a facilitation summary stating that DynCorp Intl. Inc. "is a holding company and has no employees…[a]s such, DynCorp International, Inc. will be dismissed form this lawsuit during the Summary Judgment phase." [240, Exhibit 1]. Since Plaintiffs did not assert this defense in their response to the Motion for Summary Judgment, but instead only brought it before the Court at the motion hearing without notice to the Defendants,

7

the Court exercises its discretion and denies the Plaintiffs' Motion for Reconsideration of the issue of the dismissal of Defendant DynCorp Intl. Inc.

**IT IS ORDERED** that the Motion for Reconsideration [249] is **GRANTED in part** and the summary judgment on the IIED claim against Defendants Kehoe and Dobson are vacated and they remain parties to the on-going action.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration [249] is **DENIED in part** and Defendant DynCorp Intl. Inc. remains dismissed per the Court's earlier Order granting in part and denying in part Defendants' Motion for Summary Judgment.

**SO ORDERED**.

Dated: April 21, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge